IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV301-3-MU

| | |
|---|---|
| KAREEM A. KIRK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTHA CURRAN et., al. )<br>)<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 21, 2009 (Doc. No. 1.)

Plaintiff filed the instant Complaint alleging that he has been unlawfully denied a state probable cause hearing. Plaintiff names Martha Curran, a Superior Curt Clerk; Kelly Miller, an Assistant District Attorney; and Tonya Brooks, an Assistant Public Defender. Plaintiff seeks injunctive, compensatory and punitive damages.

First, this Court notes that Plaintiff brought the same claim against some of the same defendants in September 2007 and such Complaint was dismissed for failure to state a claim for relief. (See 3:07cv392). The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Heath Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Therefore, the instant Complaint must also be dismissed due to principles of res judicata.

Moreover, as was explained in Plaintiff's previous case, his claim concerns ongoing criminal

1

state court proceedings. Pursuant to the Younger abstention doctrine, a federal court may not award declaratory or injunctive relief that would affect pending criminal proceedings.[1] See Younger v. Harris, 401 U.S. 37, 45 (1971). Furthermore, neither public defenders nor private criminal attorneys are "state actors" under 42 U.S.C. § 1983. It is well-established that in initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Patchman, 424 U.S. 409, 430 (1976). Therefore, both attorney Defendants are would be dismissed. Finally, Plaintiff' claim against the court clerk for "refus[ing] to subpoena Plaintiff to appear before the grand jury as mandated under the authority of North carolina General Statute 15A-626(b)" Such clerk would be entitled to immunity and would also be dismissed. McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is DISMISSED based on principles of res judicata and for failure to state a claim for relief as explained in this Order.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for the Appointment of Counsel is DENIED. (Doc. No. 2.) Indeed, the appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). This is not an exceptional case and Plaintiff's motion si denied.

---

[1] To the extent Plaintiff's case is not an ongoing criminal state court proceeding, his claim would be barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).

**SO ORDERED.**

Signed: August 4, 2009

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge